UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**CECIL HOLT,**

            **Plaintiff,**

    v.

**THE WALSH GROUP,** *et al.***,**

            **Defendants.**

Civil Action No. 17-1173 (ESH)

## MEMORANDUM OPINION AND ORDER

Before the Court is defendant Walsh Group's motion to dismiss, or in the alternative, for summary judgment pursuant to Federal Rules of Civil Procedure 12(b)(6) and 56. For the reasons that follow, defendant Walsh Group's motion is denied without prejudice, and plaintiff is granted leave to amend his complaint.

### BACKGROUND

Plaintiff Cecil Holt was injured while working as a construction worker on the roof of 402 Tingey Street, SE in Washington DC (hereinafter, "the Premises"). (Pl.'s Compl. ¶¶ 8, 15.) On April 14, 2017, plaintiff brought suit in the Superior Court of the District of Columbia against Walsh Group, the owner of the Premises, and various subcontractors performing work there. (Pl.'s Compl. ¶¶ 2–7.) Defendants removed the case to federal court based on diversity jurisdiction. 28 U.S.C. § 1332(a).

Defendant Walsh Group then filed this motion arguing that plaintiff erroneously named Walsh Group as the supervisor of the construction site on the Premises when Walsh Construction Co. II, LLC (hereinafter "Walsh Construction") was actually responsible for supervising the

construction site. Plaintiff counters that (1) defendant Walsh Group was involved in or responsible for the Premises, (2) a motion to dismiss would be premature because plaintiff requires additional discovery to determine which Walsh entity had control over the Premises and the relationship between defendant Walsh Group and Walsh Construction, and (3) plaintiff should be granted leave to amend his complaint under Federal Rule of Civil Procedure 15 if Walsh Construction is indeed the proper defendant.

## DISCUSSION

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "In ruling on a motion to dismiss, the Court may consider not only the facts alleged in the complaint, but also documents attached to or incorporated by reference in the complaint and documents attached to a motion to dismiss for which no party contests authenticity." *Demissie v. Starbucks Corp. Office & Headquarters*, 19 F. Supp. 3d 321, 324 (D.D.C. 2014); *see also Kaempe v. Myers*, 367 F.3d 958, 965 (D.C. Cir. 2004).

To succeed on a motion for summary judgment, defendant must demonstrate that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute as to a material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). This Court is generally reluctant to grant summary judgment when the parties have not had a full and fair opportunity to conduct discovery. *See Convertino v. U.S. Dep't of Justice*, 684 F.3d 93, 99 (D.C. Cir. 2012); *Taylor v. FDIC*, 132

F.3d 753, 765–66 (D.C. Cir. 1997); *see also Baker v. Henderson*, 150 F. Supp. 2d 13, 16 (D.D.C. 2001).

Defendant Walsh Group is a holding group that claims to own no shares in Walsh Construction, and to have never held itself out as Walsh Construction's agent. (Glimco Decl. ¶¶ 6–8.) However, Walsh Group shares an address, telephone number, and fax number with Walsh Construction. (Pl.'s Exs. 3–6; Glimco Decl. ¶¶ 4–5.) Plaintiff has also provided an affidavit swearing that he observed "numerous signs on the work site identifying Walsh as the general contractor" and spoke with several Walsh employees both on and off the Premises. (Pl.'s Ex. 2.)

After reviewing plaintiffs' complaint and the attached and incorporated documents that the Court may consider at this stage, this Court denies the motion to dismiss; plaintiff has stated a facially plausible negligence claim against defendant Walsh Group. *See Iqbal*, 556 U.S. at 678. This Court also denies the motion for summary judgment because material facts remain regarding (1) defendant Walsh Group's control over the Premises and (2) defendant Walsh Group's relationship with Walsh Construction. *See Anderson*, 477 U.S. at 248.

In addition, this Court grants plaintiff leave to amend his complaint to add Walsh Construction as a party. Fed. R. Civ. P. 15(a)(2); *Canuto v. Mattis*, No. CV 16-2282 (EGS), 2017 WL 3437662, at *4 (D.D.C. Aug. 10, 2017); *Johnson v. Veterans Affairs Med. Ctr.*, 133 F. Supp. 3d 10, 13 (D.D.C. 2015).

## CONCLUSION

For the reasons stated above, it is hereby

**ORDERED** that defendant's motion to dismiss/motion for summary judgment

**IS DENIED WITHOUT PREJUDICE**; it is further

**ORDERED** that plaintiff is given leave to file an amended complaint on or before **September 15, 2017**; it is further

**ORDERED** that defendants shall file their responsive pleading, as required by Federal Rule of Civil Procedure 15, on or before **September 29, 2017**; and it is further

**ORDERED** that an initial scheduling conference is set for **October 18, 2017, at 11:00 a.m.**

/s/   *Ellen Segal Huvelle*
ELLEN SEGAL HUVELLE
United States District Judge

Date:   September 6, 2017